UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVIN GRIFFIN,

            Petitioner,         Case No. 2:19-cv-13469
                                        Hon. Denise Page Hood

v.

J.A. TERRIS,

           Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Federal prisoner Davin Griffin ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed a letter seeking a ruling on his petition. He cites the COVID-19 pandemic claiming he has underlying health conditions. Neither this petition nor the letter seeks compassionate release under 18 U.S.C. § 3582. However, the Court notes that it cannot review such a claim because a prisoner must "fully exhaust[ ] all administrative rights" or else must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

In 2013, Petitioner was convicted in the Northern District of Iowa pursuant to his guilty plea of possession with intent to distribute 28 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On April 10, 2014, the Court sentenced Petitioner as a career offender 188 months' imprisonment, 5 years of supervised release, and a $100 special assessment. See *United States v. Griffin,* Northern District of Iowa No. 13-cr-02037. At sentencing Petitioner did not contest his designation as a career offender. *Id.* ECF No.33, Page ID.4-5. In the present action, Petitioner argues that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.2(a)(2) because his prior Iowa burglary convictions should not have qualified as crimes of violence. For the reasons set forth below, the Court will summarily deny the petition and deny leave to appeal in forma pauperis.

**I. Background**

As indicated above, Petitioner did not contest the application of the career offender provisions of the advisory guidelines at his sentencing hearing. Rather, he argued in favor of a downward variance pursuant to the 18 U.S.C. § 3553(a) factors *Id.*, ECF No.33, Page ID.10-14. The Court considered his arguments and recognized its authority to vary downward but declined to do so. *Id.* at 15-18. The court stated it would, however, take Petitioner's arguments into consideration when deciding where in the advisory range to sentence him, and it eventually sentenced Petitioner to the very bottom of the recommended range of 188 to 235 months. *Id.* at 16.

2

Petitioner filed a direct appeal, asserting two claims: (1) his sentence was substantively unreasonable and (2) the district court did not adequately consider his arguments for a variance. The Eighth Circuit affirmed. *United States v. Griffin*, 583 F. App'x 576 (8th Cir. 2014).

Petitioner subsequently filed a motion under 28 U.S.C. § 2255 on December 10, 2015, arguing in part that he was denied the effective assistance of counsel at sentencing for his attorney's failure to challenge his status as a career offender. See *Griffin v. United States*, Northern District of Iowa No. 15-2107, ECF No. 1. The Court denied the motion. *Id*. The Eighth Circuit subsequently denied a certificate of appealability. *Griffin v. United States*, No. 19-1088 (8th Cir. May 13, 2019). Petitioner applied for permission to file a second § 2255 motion, but the application was denied. *Griffin v. United States*, No. 19-2522 (8th Cir. Oct. 28, 2019).

In the present action, Petitioner asserts that he is entitled to § 2241 relief because he was erroneously designated as a career offender in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (imposing increased sentence under residual clause of 18 U.S.C. § 924(e)(2)(B), held to violate Fifth Amendment's guarantee of due process); *Mathis v. United States*, 136 S. Ct. 2243 (2016) (defendant improperly sentenced under 18 U.S.C.S. § 924(e), based on prior burglary convictions when state burglary law was broader than generic burglary); *United States v. Davis*, 139 S. Ct. 2319 (2019) (18 U.S.C.S. § 924(c)(3)(B), creating sentencing enhancement

3

for use of firearm during commission of felony held unconstitutionally vague); and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (addressing constitutionality of similar residual clause regarding the deportation of aliens under 18 U. S. C. §16).

## II. Discussion

The primary mechanism for challenging the legality of a federal sentence apart from a direct appeal is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The Sixth Circuit affirmed this principle in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), where it explained that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Id*. at 594.

Petitioner is challenging the length of his federal sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, he may proceed under § 2241 only if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). "'The circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461).

In *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that a federal prisoner cannot seek relief via a § 2241 petition

through the saving clause of § 2255 without showing that he had no prior reasonable opportunity to bring his argument for relief. *Id*. at 705. The petitioner must show that binding adverse precedent left him with "no reasonable opportunity" to make his current claims any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under § 2255." *Id.* at 703.

Petitioner does not meet the *Wright* criteria for seeking relief from his sentence under § 2241. He has pointed to no binding adverse precedent that prevented him from raising his claims either on direct appeal or in his § 2255 petition. Indeed, it appears he raised his current claims via an ineffective assistance of counsel claim in his prior motion. Moreover, the case upon which Petitioner's claim chiefly relies, *Johnson*, was available to Petitioner when he filed his first motion under § 2255. Although *Mathis* was decided in 2016, just after he filed his initial motion, Petitioner filed two supplemental pleadings in which he could have raised *Mathis* as a basis for relief. See *Griffin v. United States*, ECF Nos. 2, 3, 4, and 12. In any event, the argument that Petitioner's prior burglary convictions did not make him a career offender under the proper application of the categorical approach, was an argument available to him even at the time of his direct appeal. See *Taylor v. United States*, 495 U.S. 575 (1990); *Finley v. Kizziah*, 2019 U.S. App. LEXIS 34088, *3-4 (6th Cir. Nov. 14, 2019). Finally, neither *Sessions* nor *Davis*, also relied

upon by Petitioner have any application to this case. Petitioner sentence was not enhanced for his use of a firearm, nor was he deported.

Finally, it should be noted that the entirety of Petitioner's argument was undercut by *Beckles v. United States*, 137 S. Ct. 886, 894 (2017), where the Supreme Court concluded that the advisory nature of the post-*Booker* guidelines takes the § 4B1.2 residual clause outside *Johnson's* ambit.

As Petitioner has failed to satisfy the conditions set forth in *Wright*, he may not maintain this action under § 2241.

### III. Conclusion

For the reasons given above, the Court summarily denies the petition for writ of habeas corpus. The Court grants the Application to Proceed Without Prepaying Fees and Costs **(ECF No. 2)** even though it appears Petitioner had the ability to pay the $5.00 fee based on an unsigned certificate of account activity. However, the Court denies leave to appeal this decision in forma pauperis because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Finally, Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255."

*Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

                                                                 s/Denise Page Hood
                                                                 Hon. Denise Page Hood
                                                                 Chief United States District Judge

Dated: July 31, 2020